IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTINE E. HAY,)
)
        Plaintiff,)
)
v.)
) Civil Action No. 09-248J
MICHAEL J. ASTRUE,)
COMMISSIONER OF)
SOCIAL SECURITY,)
)
        Defendant.)

MEMORANDUM JUDGMENT ORDER

AND NOW, this 20th day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for DIB on June 14, 2007, alleging disability since March 1, 2004, due to a cervical disc and shoulder injury. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on January 27, 2009, at which plaintiff appeared represented by counsel. On February 27, 2009, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 10, 2009, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 43 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Although plaintiff has past relevant work experience as a boot maker, bartender and emergency medical technician, she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing,

the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of degenerative disc disease of the cervical spine, right acromioclavicular impingement and depressive disorder, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing, as well as occasional pushing and pulling with the right upper extremity to include the operation of hand levers. In addition, plaintiff must avoid overhead reaching with the right upper extremity and she must avoid reaching above shoulder level. Plaintiff also must avoid repetitive neck motions. Finally, plaintiff is limited to occasional interaction with supervisors, co-workers and members of the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a labeler/marker, a laundry folder or a

AO 72
(Rev. 8/82)

photo machine copy operator. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. As stated above, at step

5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he did not give appropriate weight to the opinion of plaintiff's treating physician; (2) he did not consider the impact of plaintiff's myofascial pain in assessing her residual functional capacity; and (3) his hypothetical question to the vocational expert did not account for all of plaintiff's limitations. The court finds that these arguments lack merit.

Plaintiff first contends that the ALJ erred by giving inadequate weight to the opinion of her treating pain management specialist, Dr. Kussay Nassr. Plaintiff is incorrect.

Dr. Nassr treated plaintiff for the pain she experienced in her right shoulder and neck. According to plaintiff, the ALJ gave inadequate weight to Dr. Nassr's opinion suggesting plaintiff seek part-time modified work that did not involve any repetitive movement in the right upper extremity and no pushing or pulling

AO 72
(Rev. 8/82)

heavy objects. (R. 290). Contrary to plaintiff's position, the ALJ properly determined that Dr. Nassr's opinion limiting plaintiff to part-time work was not entitled to controlling weight.[1]

As an initial matter, plaintiff has omitted discussion of Dr. Nassr's complete assessment of her capabilities and limitations. In August 2005, Dr. Nassr initially recommended that plaintiff could work at a job that does not involve any pushing, pulling or lifting heavy objects. (R. 304). Subsequently, in May 2007, Dr. Nassr suggested that plaintiff was limited to part-time modified work. (R. 280). However, in September 2008, Dr. Nassr completed a medical assessment of plaintiff's ability to perform work-related activities indicating that she was somewhat limited in her ability to perform postural maneuvers and could not lift or carry more than fifteen pounds, but she was able to sit, stand and walk without limitation during an eight-hour workday, and therefore capable of performing at least light work. (R. 345-48). Accordingly, Dr. Nassr's most recent assessment of plaintiff's physical capabilities do not limit her to part-time work.

In addition, objective medical tests and Dr. Nassr's own treatment notes support his most recent assessment that plaintiff is capable of performing at least light work with certain postural

---

[1] A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(d)(2).

and lifting limitations. A nerve conduction study performed in June 2005 was unremarkable for plexopathy, radiculopathy or entrapment neuropathy in the right upper extremity, and a subsequent study performed in September 2008 to evaluate for right cervical radiculopathy was normal. (R. 307, 378). Dr. Nassr's physical examinations of plaintiff indicated she experienced myofascial pain[2] in her right shoulder and neck area, but she had full motor strength in her upper extremities and no muscle atrophy. (R. 289, 291, 293, 295, 297, 301, 303, 305, 335 337-38, 340, 357).

After reviewing all of Dr. Nassr's records, this court concludes the ALJ properly considered Dr. Nassr's assessment of plaintiff's physical capabilities and gave it appropriate weight in making the RFC Finding. The ALJ correctly determined Dr. Nassr's May 2007 opinion suggesting plaintiff seek part-time work was not entitled to controlling weight. As explained above, Dr. Nassr's most recent assessment of plaintiff's physical capabilities rendered in September 2008, along with his treatment notes and other objective medical tests indicate that she is at least capable of light work with certain postural limitations.

---

[2] "Myofascial pain is a chronic condition that affects the fascia (connective tissue that covers the muscles). Myofascial pain syndrome may involve either a single muscle or a muscle group." See www.webmd.com/pain-management/guide/myofascial-pain-syndrome (last visited March 17, 2011). "Myofascial pain syndrome is a fancy way to describe muscle pain. It refers to pain and inflammation in the body's soft tissues." Id. "The pain of myofascial pain syndrome centers around sensitive points in ... muscles called trigger points. The trigger points can be painful when touched. And the pain can spread throughout the affected muscle." See www.mayoclinic.com/health/myofascial-pain-syndrome/DS01042 (last visited March 17, 2011).

AO 72
(Rev. 8/82)

Consistent with Dr. Nassr's most recent assessment, the ALJ's RFC Finding limits plaintiff to light work that involves only occasional balancing, stooping, kneeling, crouching, crawling and climbing, as well as occasional pushing and pulling with the right upper extremity to include the operation of hand levers. The RFC Finding further precludes plaintiff from overhead reaching with the right upper extremity, reaching above shoulder level and repetitive neck motions. The limitations included in the ALJ's RFC Finding fully account for Dr. Nassr's most recent assessment of plaintiff's physical capabilities. The court therefore concludes that the ALJ properly considered and weighed all of the medical evidence received from Dr. Nassr.

Plaintiff next claims that the ALJ erred by failing to consider the impact of her myofascial pain in assessing her residual functional capacity. As stated above, Dr. Nassr found that plaintiff experienced myofascial pain in her right shoulder and neck area. Myofascial pain is a chronic condition that affects the fascia, or connective tissue that covers muscles, and myofascial pain syndrome is simply a way to describe muscle pain. See footnote 2, supra. Contrary to plaintiff's assertion, the ALJ fully considered plaintiff's pain in making the RFC Finding.

Although the ALJ did not specifically use the phrase "myofascial pain" in his decision, it is clear that he fully considered plaintiff's complaints of neck and right shoulder pain, as well as Dr. Nassr's findings confirming that she experiences pain in those areas. The ALJ discussed and properly analyzed

plaintiff's subjective complaints of pain, (R. 24-26), and, as discussed above, he correctly considered and weighed Dr. Nassr's assessment of plaintiff's physical capabilities. The ALJ then fashioned an RFC Finding that fully accounted for the pain plaintiff experiences in her neck and right shoulder by limiting her to work that involves no overhead reaching and only occasional pushing and pulling with the right upper extremity, no reaching above shoulder level and no repetitive neck motions. In sum, the ALJ properly considered plaintiff's neck and right shoulder pain and accounted for the resulting limitations, despite the fact that he did not use the phrase "myofascial pain" in his decision.[3]

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for all of the limitations caused by her myofascial pain. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. As already explained, the ALJ's RFC Finding fully accommodated plaintiff's

---

[3]Plaintiff also erroneously contends that the ALJ failed to evaluate her myofascial pain in accordance with Social Security Ruling 99-2p. That Ruling pertains to the evaluation of cases involving chronic fatigue syndrome, not myofascial pain. Plaintiff has cited no authority for the proposition that Social Security Ruling 99-2p applies to cases involving myofascial pain, and this court has not located any such authority.

limitations that resulted from her neck and right shoulder pain. Therefore, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Lindsay Fulton Brown, Esq.
    521 Cedar Way
    Suite 200
    Oakmont, PA 15139

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901